■ THE RAINBOW COOP et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NCB CAPITAL IMPACT, Respondent. [879 NYS2d 329]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 27, 2008, which, in an action by an unincorporated cooperative association and its members involving, inter alia, title to a multiple dwelling, granted defendant-respondent mortgagee's (NCB) motion to dismiss as against it, for failure to state a cause of action, (1) plaintiffs' cause of action for an injunction prohibiting NCB from, inter alia, commencing a foreclosure action with respect to its mortgage or security interest in the building, and (2) plaintiffs' related causes of action for declarations settling their claim of title to the building and its units by reason of adverse possession, unanimously affirmed, without costs.

The motion court correctly held that even if it were to declare that plaintiffs' adverse possession of the building and its units had given them title thereto by the time defendant City purported to transfer title to defendant UHAB, the mortgage on the building delivered by UHAB to NCB is nonetheless valid under Real Property Law § 260. We reject plaintiff's argument that since the validity of a conveyance of real property depends on the validity of title held by the grantor, Real Property Law § 260 cannot be construed to validate a mortgage based on an invalid deed. Under the clear and unambiguous language of that statute, NCB's mortgage is not rendered void by reason of plaintiffs' possession of the building under a claim of title adverse to UHAB (9-96 Warren's Weed, New York Real Property § 96.30 [2008] ["no mortgage is void because at the time of its delivery the property was adversely possessed"]). The court may not resort to rules of statutory construction to alter this clear and unambiguous meaning (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 76; *Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 107 [1997]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Mazzarelli, J.P.,

Andrias, Friedman, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 30512(U).]