Seabiscuit Realty LLC v Hayes (2024 NY Slip Op 00881)

Seabiscuit Realty LLC v Hayes

2024 NY Slip Op 00881

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 808237/21 Appeal No. 1693 Case No. 2023-03833 

[*1]Seabiscuit Realty LLC, Plaintiff,
v
Jacqueline Hayes, Defendant.
Jacqueline Hayes, Third-Party Plaintiff-Respondent,
v
YSLW Teller LLC, Third-Party Defendant-Appellant.

The Law Office of Daniel G. Walsh PLLC, Warwick (Daniel G. Walsh of counsel), for appellant.
Bowen, Kendall & Associates, LLP, Bronx (Ralph G. Bowen of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered January 6, 2023, which, to the extent appealed from as limited by the briefs, denied third-party defendant's cross-motion to dismiss the third-party complaint, unanimously affirmed, without costs.
The motion court properly denied that branch of third-party defendant YSLW Teller LLC's cross-motion to dismiss the third-party complaint pursuant to CPLR 3211(a)(1) and (7). Although we agree that the cross-motion should not have been denied as moot, the motion court otherwise correctly determined that the third-party complaint adequately asserted a claim for adverse possession against YSLW that should proceed on the merits (see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; see also RPAPL 501[2]).
Contrary to YSLW's contention, the documentary evidence does not conclusively establish that YSLW was a bona fide purchaser without any notice (see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 20, 24 [1979]).
YSLW's reliance on Real Property Law § 260 is similarly unavailing. As this Court explained in Rainbow Coop v City of New York (63 AD3d 415, 415 [1st Dept 2009]), Real Property Law § 260 does not weigh upon the effectiveness of an adverse possession claim itself, but rather, protects a subsequent encumbrance as between the parties to that transaction.
We have considered YSLW's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024